KIM R. WALMSLEY
Chief U.S. Probation Officer
TRINA P. DUENAS
U.S. Probation Officer
The District Court of Guam
2nd Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910
Telephone: (671) 969-4600
Fax: (671) 969-4601

THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOHN D. WALKER, Defendant. | ) | CRIMINAL CASE NO.: 18-00010-001 DECLARATION IN SUPPORT OF PETITION |

I, U.S. Probation Officer Trina P. Duenas, am assigned to supervise the Court ordered conditions of pretrial release for John D. Walker, and in this capacity, I declare as follows:

On May 30, 2018, an Indictment was filed charging the defendant, John D. Walker, with one count of Conspiracy to Defraud the National Transportation Safety Board and the Federal Aviation Administration, in violation of 18 U.S.C. § 371; one count of Conspiracy to Defraud the Federal Aviation Administration, in violation of 18 U.S.C. §371; five counts of Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346 & 2; and six counts of Money Laundering, in violation of 18 U.S.C. § 1957; along with a Notice of Forfeiture

Allegations per 18 U.S.C. §§ 982(a)(1) & (a)(2); 21 U.S.C. § 853 and 28 U.S.C § 2461(c). A warrant was issued for Mr. Walker's arrest.

On May 31, 2018, Mr. Walker was arrested in Oklahoma City, Oklahoma. On May 31, 2018, Mr. Walker appeared in the U.S. District Court in the Western District of Oklahoma. He waived an Identity Hearing and was released on an unsecured bond with conditions of release imposed. He was ordered to appear in the District of Guam on June 8, 2018.

On June 8, 2018, the defendant was before the District Court of Guam for an Initial Appearance on an Indictment and Arraignment. He entered a plea of Not Guilty to the charges in the Indictment. The Court ordered Mr. Walker's release and imposed conditions of release.

On December 12, 2019, a Superseding Indictment was filed, which charged the defendant with one count of Conspiracy to Defraud the Federal Aviation Administration, in violation of 18 U.S.C. § 371; one count of Conspiracy to Defraud the National Transportation Safety Board and the Federal Aviation Administration, in violation of 18 U.S.C. §371; four counts of Aircraft Parts Fraud, in violation of 18 U.S.C. § 38(a)(1)(A) & 38(b)(1-5); 47 counts of Employing a Mechanic without an Mechanic's Certificate, in violation of 49 U.S.C. § 46306(b)(8); one count of Employing a Pilot without a Pilot's Certificate, in violation of 49 U.S.C. § 46306(b)(8); two counts of Registration Violations Involving Aircraft, in violation of 49 U.S.C. §46306(b)(3); one count of Bribery, in violation

of 18 U.S.C. § 201; three counts of Honest Services Fraud, in violation of 18 U.S.C. §§ 1343, 1346, & 2; one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; five counts of Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346 & 2; and six counts of Money Laundering, in violation of 18 U.S.C. § 1957; along with a Notice of Forfeiture Allegations per 18 U.S.C. §§ 982(a)(1) & (a)(2); 21 U.S.C. § 853 and 28 U.S.C § 2461(c).

On January 21, 2020, an Initial Appearance and Arraignment on the Superseding Indictment was held. The defendant entered a plea of Not Guilty and his release was continued.

On August 5, 2020, the defendant filed a Motion to Amend Conditions of Release Pending Trial and requested that the Court suspend the condition for drug testing and modify the condition ordering Mr. Walker to not use alcohol.

On August 6, 2020, this Officer filed a Petition for Action on Conditions of Pretrial Release after ammunition and alcohol were found on the defendant's property. The Court was asked to modify the defendant's conditions and prohibit any firearms, destructive devices or weapons on his property and prohibit alcohol on his property.

On August 18, 2020, the defendant appeared in Court via Zoom. His conditions of release were modified to include that he not possess a firearm, destructive device or other weapon and there be no such devices within 500 yards of his primary residence. The alcohol condition was modified so that he is not allowed to use alcohol excessively. The drug testing condition remained as previously ordered.

The defendant is alleged to have committed the following in violation of 18 U.S.C. § 3142:

**Special Condition:** *The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.*

**Special Condition:** *The defendant must not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licenced medical practitioner.*

On August 22, 2020, Mr. Walker was scheduled for a drug test. He failed to report for testing. He informed Western District of Missouri, Senior U.S. Probation Officer, Damon Mitchell that he did not know the vendor closed early on Saturday. Officer Mitchell

had previously provided Mr. Walker with the hours of operation for testing. Mr. Walker was directed to report for a drug test on August 24, 2020.

On August 24, 2020, Mr. Walker reported for a drug test. The collection of his urine specimen was observed by the tester. The primary test panel results were positive for cocaine therefore his urine sample was sent to Alere Toxicology Services Inc. Alere is the vendor which currently holds the contract to do laboratory testing of urine samples for U.S. Probation Offices nationwide. Alere conducted a confirmation test which identified the presence of cocaine in Mr. Walker's urine sample.

Officer Mitchell contacted Mr. Walker regarding the confirmed positive drug test results. Mr. Walker opted to consult with his attorney before answering any questions about the drug use. Mr. Walker's attorney, Mack Martin, then provided a statement to Officer Mitchell that Mr. Walker admitted to taking a CBD (cannabidiol) inhaler that must have contained cocaine without him knowing. Additionally, Mr. Walker went to a commercial testing site, Access Lab on August 24, 2020. He provided a document labeled "Urine Initial Drug Screen Result Form" with a stamp labeled "ACCESSLAB LLC" which indicated that an "on-site screening device" was used and preliminary results were negative for cocaine.

**Recommendation**: This Probation Officer respectfully requests the Court issue a Summons for John D. Walker to appear at a hearing to determine if his bail should be revoked or modified, pursuant to 18 U.S.C. § 3148.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 2nd day of September, 2020, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

KIM R. WALMSLEY
Chief U.S. Probation Officer

By: /s/ TRINA P. DUENAS
U.S. Probation Officer

Reviewed by:

/s/ GRACE D. FLORES
Deputy Chief U.S. Probation Officer