James M. Maher
Law Office of James M. Maher
238 Archbishop Flores St., Ste 300
Hagatna, Guam 96910
Telephone: (671) 477-7892/4
Facsimile: (671) 477-7889
Jmp671@gmail.com

Mack K. Martin
Amber B. Martin
Martin Law Office
125 Park Avenue, Fifth Floor
Oklahoma City, OK. 73102
Telephone: (405) 236-8888
Facsimile: (405) 236-8844
Mack@martinlawoffice.net
Amber@martinlawoffice.net

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | CASE NO. CR-18-10 |
| | ) | |
| JOHN D. WALKER, | ) | JOHN D. WALKER'S MOTION |
| aka JON WALKER, | ) | FOR PERMISSION TO TRAVEL |
| MARVIN R. REED, | ) | |
| KENNETH R. CROWE, | ) | |
| PHILLIP T. KAPP, | ) | |
| RANDALL ROGERS, and | ) | |
| HANSEN HELICOPTERS | ) | |
| | ) | |
| Defendants. | ) | |

Comes now, the Defendant, John D. Walker, by and through counsel, and request this Honorable Court issue its order allowing Defendants Walker and Kapp to travel outside the United States for the purpose of transporting a boat, presently located in the State of Washington, from the State of Washington to Hawaii, and then from Hawaii to Majuro; and/or Papau New

Guinea, the Soloman's or the Philippines depending on entry availability. In furtherance thereof, Defendant Walker would show this Honorable Court, as follows, to-wit:

1. As is alleged in the Superseding Indictment (ECF 369) at ¶28, Mr. Walker is the owner of Hansen Helicopters, Inc. Hansen Helicopters, Inc. is a Guam corporation, owned 99% by John D. Walker. The company provides administrative services, including but not limited to oversight of aircraft maintenance performed on fish spotting helicopters and transportation of maintenance and flight crew personnel, and replacement aircraft to and from tuna boats located throughout the Pacific Ocean. The services continue to be performed in Guam, Majuro, Pohnpei, American Samoa and in the Philippines. Helicopters are leased for the purpose of spotting tuna for fishing vessels operating in international waters. Included with the lease of each helicopter, is a pilot and mechanic to fly and service the helicopter during the term of each lease agreement.

2. Due to the events of the corona virus (COVID 19), the changing of crew, (pilots and mechanics) for the leased aircraft has become increasingly difficult, if not virtually impossible. A vessel has been located and is being purchased for the purpose of delivering and returning pilots and mechanics to and from the tuna fishing vessels, engaged in lease agreements.

3. The crew transport vessel is currently located in the State of Washington. Upon purchase, Walker and Kapp seek authorization to sail the vessel from the west coast of Washington to Hawaii which is estimated to take approximately eight (8) days. From Hawaii Walker and Kapp seek authorization to sail the vessel to Majuro which is estimated to take an additional six (6) days; and then on to New Guinea, the Solomons's or the Philippines, depending on entry availability.

4. Mr. Walker has many years of captaining boats and vessels on the high seas, including a trip from Canada to Hawaii with only one other crewman. Due to his years of experience, Mr.

Walker intends to captain the vessel, as outlined above, and then return to the United States.

Defendant Phillip T. Kapp is also seeks authorization to participating in the sailing of the vessel from Washington to as outlined above, and he and his counsel join in the request for permission to travel on behalf of and for Mr. Kapp as well. Mr. Kapp is the Director of all maintenance performed and/or supervised by Hansen Helicopters whether performed in Guam, Georgia, Majuro, Pohnpei, American Samoa, Philippines or on boats in international waters at sea. Kapp also has experience operating boats in the Pacific Ocean. This Court has previously approved travel to the Philippines (ECF 806) for Mr. Kapp. If the boat is allowed entry into the Philippines, Kapp requests that he be permitted to remain in the Philippines for at least a period of two weeks.

5. The crew transport vessel has a satellite phone, if needed, for any check-in requirements.

6. On November 30, 2020, counsel for Mr. Walker visited with Mr. Damon Mitchell, with the United States Probation Office, supervising Mr. Walker, and advised Mr. Mitchell of Mr. Walker's request for permission to travel for purposes of sailing the vessel to Majuro. Mr. Mitchell advised that Mr. Walker has recently successfully completed a sweat patch monitoring program and is not in violation of any of his conditions of release. Further, Mr. Mitchell authorized counsel to state, that he does not object to Mr. Walker be allowed to pilot the vessel from the west coast of Washington to Hawaii and then to Majuro.

7. Pursuant to the Court's order relating to Mr. Walker's conditions of release, (ECF 729) ¶7(f), Mr. Walker is "[n]ot to travel outside the United States and its territories without permission of the Court . . ." Mr. Walker is not a risk of flight. He became aware of this investigation and voluntarily contacted the government through counsel prior to the return of the

original indictment in this matter. Upon learning of the indictment he voluntarily surrendered to authorities in the United States and then appeared as directed in the United States District Court for the Territory of Guam. As part of his conditions of release, he has executed a deed to his Guam residence to the Clerk of the Court as security for his appearance. Mr. Walker's Guam condominium is valued in excess of one million dollars ($1,000,000.00).

8. The Court has previously stated in other court orders, that Hansen Helicopters, Inc. is entitled to run its business as it deems appropriate.

9. Mr. Walker respectfully requests that a telephonic or zoom hearing on this motion be held at the court's earliest convenience.

For the above and foregoing reasons, Mr. Walker respectfully requests that he be allowed to travel, *i.e.*, to captain the crew transport vessel from the west coast of Washington to Hawaii, to Majuro, and beyond, as outlined above and ultimately returning to the United States, as part of his ongoing obligation to the business of Hansen Helicopters. Walker further respectfully request that Mr. Kapp be authorized to join Mr. Walker to assist in the operation of the vessel and that Kapp be permitted to remain in the Philippines for a period of at least two weeks after the vessel arrives in the Philippines.

Dated this 2nd day of December, 2020.

Respectfully submitted.

MARTIN LAW OFFICE

/s/ *Mack K. Martin*
Mack K. Martin
Amber B. Martin
James M. Maher (Local Counsel)
ATTORNEYS FOR DEFENDANT
John D. Walker

Z:\17FILES\1706\MFPTT.001a.docx