SHAWN N. ANDERSON
United States Attorney
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney
MARIE L. MILLER
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN D. WALKER,<br>aka JON WALKER,<br>MARVIN R. REED,<br>KENNETH R. CROWE,<br>PHILLIP T. KAPP,<br>RANDALL ROGERS, and<br>HANSEN HELICOPTERS, INC.<br><br>Defendants. | CRIMINAL CASE NO. CR-18-00010<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT WALKER'S MOTION FOR PERMISSION TO TRAVEL** |

COMES NOW, the United States of America, through undersigned counsel, submits this Opposition to Defendant John D. Walker's Motion for Permission to Travel (ECF No. 850).

Defendant Walker argues, "[Defendant Hansen] provides administrative services, including but not limited to oversight of aircraft maintenance performed on fish spotting helicopters and transportation of maintenance and flight crew personnel, and replacement aircraft to and from tuna boats *located throughout the Pacific Ocean*." ECF No. 850, p. 2. (emphasis

added). Defendant Walker further states, “Helicopters are leased for the purpose of spotting tuna for fishing vessels operating in international waters. Included with the lease of each helicopter, is a pilot and mechanic to fly and service the helicopter during the term of each lease agreement.” ECF No. 850, p. 2. Defendant Walker’s request should be denied.

Although Defendant Walker claims Defendant Hansen needs to perform services in “Guam, Majuro, Pohnpei, American Samoa and in the Philippines,” Defendant Walker had previously denied that the foreign Vanuatu corporations referenced by the Government were owned by Defendant Hansen. Specifically, Defendant Walker argued, “The aircraft listed are not owned by defendant Walker or defendant Hansen Helicopters. Plaintiff makes no showing that the defendants are liable for alleged acts committed by the foreign Vanuatu corporations.” ECF No. 450, p. 22. Defendant Walker further argued, “The aircraft listed are owned by foreign Vanuatu corporations. Nothing shows that the United States has jurisdiction over claims made against defendants because the aircraft owned by foreign Vanuatu corporations. Further, Plaintiff failed to allege that the thirty (30) foreign Vanuatu corporations were formed and maintained for reasons other than a valid business purpose. Certainly, allegations by Plaintiff that defendants and/or the foreign Vanuatu corporations are associated with Hansen Helicopters are simply not enough to establish jurisdiction.” ECF No. 450, p. 23. It is clear Defendant Walker wants to disassociate himself and Defendant Hansen from these foreign corporations when the relationship connects them to criminal liability; however, seeks to utilize these same business operations in the Pacific when it financially benefits them. This Court should not allow this to happen.

Additionally, the deposition testimony by former Hansen pilot, Jose Eduardo Marinho, who Defendant Walker and others employed also poses another concern for the Government.

Mr. Marinho was not an FAA certified pilot, yet Defendant Walker and others employed him to fly three of their U.S. registered helicopters that were assigned to tuna vessels. More importantly, Mr. Marinho's employment and therefore criminal acts by Defendant Walker and others occurred while their criminal case is pending.

More importantly, Defendant Walker has already shown his inability to comply with Court orders. This Court has already entertained two Petition for Action on Conditions of Pretrial Release filed by U.S Probation (ECF Nos. 627 and 734). Defendant Walker being allowed to travel from the State of Washington to Hawaii, to Majuro, and beyond will provide an opportunity for Defendants Walker and Kapp to engage in criminal action with no oversight by their respective probation officers or this Court for that matter.[1] The lack of U.S. jurisdiction is one Defendant Walker also previously argued, "Thus, on the most fundamental level, the enabling statutes of the U.S. Department of Transportation, no jurisdiction exists over the allegations made against defendants under the laws and regulation governing the U.S. Department of Transportation, the NTSB, the FAA or this Court." ECF No. 450, 17. This argument was in support of his argument that "the foreign Vanuatu corporations are not civil aircraft of the United States and no events leading to the indictment occurred in the United States." ECF No. 450, p. 16. Therefore, this Court should deny his travel request.

//

//

//

//

[1] Defendant Walker's claim that "the crew transport vessel has a satellite phone, if needed, for any check-in requirements" is a meaningless proposal since there is no way to actively monitor the defendants and, more importantly, this Court may lack any jurisdiction for any violations that are discovered.

## **Conclusion**

For these reasons and the reasons previously argued, Defendant Walker's Motion for Permission to Travel should be denied.

RESPECTFULLY SUBMITTED this 9th day of December 2020.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: *<u>/s/ Stephen F. Leon Guerrero</u>*
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney

By: *<u>/s/ Marie L. Miller</u>*
MARIE L. MILLER
Special Assistant U.S. Attorney