IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN D. WALKER a.k.a. JON WALKER, MARVIN R. REED, KENNETH R. CROWE and PHILLIP T. KAPP,<br><br>Defendants. | CRIMINAL CASE NO. 18-00010-001, -002, -003 & -004<br><br>**ORDER**<br>Denying United States' Motion to Remand<br>(ECF No. 881) |

The above Defendants have been on pretrial release since their initial appearance before the court in May and June 2018. On January 29, 2021, approximately 90 minutes prior to the Defendants' scheduled arraignment on the Second Superseding Indictment, the United States filed a Motion to Remand, requesting that said Defendants be detained pending trial. *See* Mot. Remand, ECF No. 8881.

On February 9, 2021, Defendants Walker and Kapp filed timely responses to the United States' Motion to Remand. *See* ECF Nos. 883-884. The United States has not filed a reply to the responses, and the time for filing any reply has passed.

While the United States' motion requests a detention hearing pursuant to 18 U.S.C. § 3142(f), the court finds that the more appropriate statute is 18 U.S.C. § 3148(b), which governs proceedings to revoke pretrial release. The government's motion fails to address the appropriate standard of revocation required under Section 3148(b). Additionally, the United States' motion presents general platitudes of law but fails to connect the legal concepts to the facts of this case and does not include an affidavit to support the allegations asserted therein. For example, the United States asserts that these Defendants "continue to violate federal criminal laws with impunity,

violating their prior conditions of release and putting the community at risk[,]" Mot. Remand at 2, ECF No. 881, but the government does not assert what specific laws were violated and what action by the Defendants constitutes the violation. The United States also claims that these Defendants "have continued to obstruct justice through the continued operation of their unairworthy helicopters[.]" *Id.* at 3. Beyond this bald assertion, the government fails to detail, by way of affidavit or proffer, how the Defendants have obstructed justice. The United States' motion provides little if any analysis or facts to assist the court in evaluating its request to have Defendants remanded. Both the Federal Rule of Criminal Procedure 47 and CVLR 12(c) contemplate that every motion shall include the filing of "affidavits, if appropriate[.]" CVLR12(c). Based on the nature of the government's allegations, it would have been appropriate for the United States to have filed an affidavit in support with or, at a minimum, included an offer of proof in its motion.

The Unites States' unsupported generalizations are insufficient at this time to warrant the scheduling of a hearing to determine whether the Defendants should be remanded pending trial. Accordingly, the court denies the Motion to Remand.

IT IS SO ORDERED.

**/s/ Michael J. Bordallo**
**U.S. Magistrate Judge**
**Dated: Feb 16, 2021**