Edward C. Han, Esq.
**LAW OFFICE OF EDWARD C. HAN**
Suite 802, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No. (671) 475-5055 / (671) 588-5061
Facsimile No. (671) 477-5445
E-Mail: edwardhan65@gmail.com

*Attorney for Defendant*
*Hansen Helicopter, Inc.*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JOHN D. WALKER aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, **HANSEN HELICOPTERS, INC.**, ET AL.<br><br>Defendants. | CRIMINAL CASE NO. 18-00010-006<br><br>**DEFENDANT HANSEN HELICOPTERS, INC.'S SENTENCING MEMORANDUM** |

**INTRODUCTION**

Defendant **HANSEN HELICOPTER, INC.** submits the following Sentencing Memorandum. As discussed below, the Court should impose no fine and no restitution on Hansen, as it is no longer operating and will soon cease to exist. Likewise, there is no need to impose probation on a corporate entity that is functionally deceased and will soon be terminated.

**ARGUMENT**

The Presentence Report ("PSR") recommends a fine of $4,900,000.00 and simply states that restitution is "[t]o be determined." With respect to the recommended fine, Hansen has ceased operations, its assets have been seized, and it will soon cease to exist. The Guidelines instruct that, in these circumstances, no fine or restitution should be ordered. *See* U.S.S.G. §§ 8C2.2 and 8C3.3. Based on these guidelines provisions alone, the Court need not proceed any further.

In any event, restitution is not appropriate because, even at this late date, no victims have claimed entitlement to restitution. There has been no compliance with the notice and other procedural requirements set forth in 18 U.S.C. § 3664, thereby prohibiting restitution. Moreover, under the Fifth, Sixth, and Seventh Amendments, Hansen is entitled to a jury trial on restitution, where the government would have to prove the amount of restitution beyond a reasonable doubt. *See Ellingburg v. United States*, ___ S. Ct. ___, No. 24-482, 2025 WL 1020364 (Apr. 7, 2025) (granting certiorari to determine whether restitution is penal for purposes of constitutional protections); *Rimlawi v. United States*, 145 S. Ct. 518 (2025) (Gorsuch, J., dissenting from the denial of certiorari); *Hester v. United States*, 586 U.S. 1104 (2019) (Gorsuch, J., dissenting from denial of certiorari). In short, none of the statutory and constitutional procedures required for restitution have been complied with, and therefore no restitution should be ordered for this additional reason.

With respect to a fine, as mentioned above, determining the guideline range is "unnecessary" because Hansen clearly cannot pay a fine or restitution. U.S.S.G. § 8C2.2. Nevertheless, the calculations in the PSR are erroneous. As an initial matter, U.S.S.G. § 2C1.1(d) specifically states to use the value of the unlawful payment as the fine amount. Thus, the fine amount would be $22,500.00, as the alleged and unproven foreign conduct involving payment to inspectors in the Philippines cannot be used as relevant conduct. *See United States v. Chao Fan Xu*, 706 F.3d 965, 992 (9th Cir. 2013), *abrogated on other grounds by RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090 (2016); *United States v. Chunza-Plazas*, 45 F.3d 51, 57-58 (2d Cir. 1995). Even if the alleged and unproven foreign conduct could be considered, the fine amount would only be $40,500.00. PSR 33.

While there should be no fine under § 8C2.2, and it should be no more than $22,500.00 under the plain language of § 2C1.1(d), the PSR's calculations are incorrect even if the Court were

to apply the methodology under U.S.S.G. § 8C2.4 utilized in the PSR. As mentioned, the PSR erred under the Ninth Circuit's opinion in *Chao Fan Xu* by relying on foreign conduct to increase the offense level under § 2C1.1. Thus, the two-level increase for more than one bribe and the monetary increase were incorrectly calculated. Instead, the offense level is 12, plus four levels for the amount of the payment under § 2C1.1(b)(2), plus four levels under § 2C1.1(b)(3), for a total offense level of 20. A level 20 produces a fine amount of $1,000,000.00 under § 8C2.4(d). As far as a multiplier, Hansen did not have 50 or more employees and therefore should not have been assessed two points under U.S.S.G. § 8C2.5. Accordingly, it is subject to a 1.0 minimum multiplier and a 2.00 maximum multiplier under U.S.S.G. § 8C2.6, for a fine range of $1,000,000.00 to $2,000,000.00. *See* U.S.S.G. § 8C2.7.

These more complicated guidelines calculations are really not required, however, because the guidelines are clear that imposition of a fine and restitution is inappropriate in these circumstances. *See* U.S.S.G. §§ 8C2.2 and 8C3.3. In other words, the Court can simply limit its analysis to §§ 8C2.2 and 8C3.3. Application notes one and two to § 8C2.2 recommend that the Court make a statement that the guideline fine range was not determined because it is readily ascertainable that Hansen cannot and is not likely to become able to pay restitution or the minimum fine.

**CONCLUSION**

For the foregoing reasons, the Court should impose no fine, no restitution, and no probation on Hansen.

Respectfully submitted this 15th day of May, 2025.

By: /s/

**EDWARD C. HAN, ESQ.**
*Counsel for Defendant*
*Hansen Helicopters, Inc.*