SHAWN N. ANDERSON
United States Attorney
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney
MARIE L. MILLER
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HANSEN HELICOPTERS, INC.,<br><br>Defendant. | CRIMINAL CASE NO. 18-00010-006<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

COMES NOW, the United States of America, by and through SHAWN N. ANDERSON, United States Attorney for the Districts of Guam and the Northern Mariana Islands ("NMI"), Stephen F. Leon Guerrero, Assistant U.S. Attorney for the Districts of Guam and the NMI, and Marie L. Miller, Special Assistant U.S. Attorney for the Districts of Guam and the NMI, and submits the following sentencing memorandum:

## I. <u>STATEMENT OF FACTS</u>

The Government relies on the extensive factual basis stated in the Final Presentence Investigation Report. ECF No. 2261 at ¶ 15 to ¶ 79. Defendants John D. Walker aka Jon Walker ("Walker") and Hansen Helicopters, Inc. ("Hansen") (collectively, "Defendants"), through co-defendants, co-conspirators, and other alter ego corporations and nominees, operated a

helicopter/pilot/mechanic-leasing business without following applicable law for the registration, airworthiness, maintenance, and use of said helicopters and airmen. Defendants concealed these intentional violations of law by forging documents, counterfeiting aircraft parts, and bribing members of the aviation community. The Defendants and others were first indicted on May 30, 2018. ECF No. 1. On December 12, 2019, the grand jury returned a Superseding Indictment. ECF No. 369. On January 8, 2021, the grand jury returned the Second Superseding Indictment ("SSI"), including 110 counts against the Defendants and co-defendants. ECF No. 862. Trial commenced based on the SSI. After some co-defendants were severed, one co-defendant died, and several counts were voluntarily dismissed, the trial proceeded against the Defendants. On September 9, 2022, after a lengthy trial, the jury returned guilty verdicts on all counts presented to them against the Defendants. ECF Nos. 1784 and 1785. Sentencing is set for June 6, 2025 at 8:15 a.m. ECF No. 2263.

## II. PRESENTENCE INVESTIGATION REPORT

The Government does not object to the Final Presentence Investigation Report filed on April 1, 2025 (ECF No. 2261).[1]

## III. SENTENCING CALCULATIONS

Group One had the offense, Conspiracy to Defraud the Federal Aviation Administration ("FAA") and National Transportation Safety Board ("NTSB"), with the highest adjusted offense level of 24. ECF No. 2261 at ¶ 106. Based on this adjusted offense level, Defendant Hansen's culpability score is a five (5) under U.S.S.G. § 8C2.5(a). The culpability score is increased by two (2) levels since Defendant Hansen has 50 or more employees at the time of the instant offense and an individual within substantial authority personnel participated in, condoned or was willfully

[1] The Government maintains Hansen is an alter ego of Walker, and therefore Walker's sentence is critical to ensuring a fair and just sentence for these crimes.

ignorant of the offense. U.S.S.G. § 8C2.5(b)(4). As a result, Defendant Hansen's adjusted total culpability score is seven (7). The Government will seek a (5) year term of probation and a $4,900,000 fine, to include any other conditions recommended by the U.S. Probation Office.

## IV. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In *United States v. Booker*, the Supreme Court excised the provisions that made the Guidelines mandatory, and thus "made the Guidelines effectively advisory." *United States v. Booker*, 125 S.Ct. 738, 756-57 (2005). As modified, the Sentencing Reform Act now "requires a sentencing court to consider Guidelines ranges, see 18 U.S.C. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Id.* at 757. Further, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767; *See* 18 U.S.C. § 3553(a)(4)(5). "[T]he Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deference, [and] protect the public...." *Id.* at 765; *See* 18 U.S.C. § 3553(a)(2). In *United States v. Zavala*, 443 F.3d 1165 (9th Cir. 2006), the Ninth Circuit reiterated that the Guidelines are the starting point for a district court in determining a reasonable sentence. *Id.* at 1169. A district court, however, must not accord more weight to the Guidelines than the other Section 3553(a) factors. *Id.* at 1171. The Government addresses each of the Section 3553(a) factors as follows:

1. Nature and circumstances of the offense and the history and characteristics of the Defendant:

The nature of the offense involving Defendant Hansen was both complex and lucrative, and therefore warranting the sentence sought by the Government. Defendant Hansen and its officers, Walker, Kenneth R. Crowe, Marvin R. Reed, and Philipp T. Kapp knowingly circumvented the Federal Aviation Regulations and defrauded the FAA and NTSB by intentionally

concealing and misrepresenting facts related to the purchase, maintenance, repair, and operation of civil helicopters, all for the purpose of reducing costs and maximizing the profits of itself and its related alter egos. More importantly, the offense spanned over 30 years and resulted in person who were injured or killed, specifically at least 38 accidents or incidents, at least eight (8) serious bodily injuries, and at least 10 deaths.

2. Need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense:

A Guidelines sentence of a five (5) year term of probation and a $4,900,000 fine, to include any other conditions recommended by the U.S. Probation Office is appropriate to reflect the seriousness of the offense and promote respect for the law. The requested term will also provide just punishment for the offense under these circumstances.

3. Need for sentence imposed to afford adequate deterrence to criminal conduct:

Defendant Hansen must be deterred from committing additional crimes. The sentence of a five (5) year term of probation and a $4,900,000 fine, to include any other conditions recommended by the U.S. Probation Office contemplated by the Guidelines should further reduce the Defendant Hansen's incentive to commit additional crimes of this nature.

4. Need for sentence imposed to protect the public from further crimes of the Defendant:

A five (5) year term of probation and a $4,900,000 fine will be sufficient to protect the public from further crimes by Defendant Hansen.

5. Need for sentence imposed to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in most effective manner:

Not applicable.

6. The kinds of sentences available:

Not applicable.

7. The kinds of sentence and the sentence range established under the Guidelines:

The Government believes the recommended sentence is fair and reasonable given the timely acceptance of responsibility.

8. Any pertinent policy statements issued by the Sentencing Commission:

There are no pertinent policy statements in this case.

9. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:

The Guidelines range and recommended sentence is consistent with those applicable to similarly situated defendants and will therefore not create disparities among defendant corporations convicted of a similar crime.

10. Need to provide restitution to any victims of the offense:

No restitution will be sought in this case.

## V. CONCLUSION

For the foregoing reasons, Defendant Hansen should be sentenced to a five (5) year term of probation and a $4,900,000 fine, to include any other conditions recommended by the U.S. Probation Office. The Government submits that such a sentence is appropriate and reasonable given the applicable Guidelines range and the factors set forth in 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED this 15th day of May, 2025.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: *_/s/ Stephen F. Leon Guerrero_*
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney

By: *_/s/ Marie L. Miller_*
MARIE L. MILLER
Special Assistant U.S. Attorney