Kirstin M. Ault
COMPLEX APPELLATE LITIGATION GROUP LLP
96 Jessie Street
San Francisco, CA 94105
Telephone: 415-649-6700
kirstin.ault@calg.com
Admitted *Pro Hac Vice*

Steven R. Welk
DENTONS US LLP
4675 MacArthur Court
Suite 1250
Newport Beach, CA 92660
P: (949) 732-3724
F: (949) 732-3739
steven.welk@dentons.com
Admitted *Pro Hac Vice*

Vanessa L. Williams
LAW OFFICE OF VANESSA L. WILLIAMS, P.C.
414 West Soledad Avenue
GCIC Bldg., Suite 500
Hagatña, Guam 96910
P: (671) 922-5689 | (888) 477-5657
service@vlwilliamslaw.com

*Attorneys for Defendant John D. Walker*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN D. WALKER a/k/a JON WALKER, HANSEN HELICOPTERS, INC., ET AL,<br><br>Defendants. | CRIMINAL CASE NO. 18-00010<br><br>**MOTION FOR MODIFICATION OF ORDER AUTHORIZING KIRSTIN M. AULT TO ATTEND SENTENCING HEARING REMOTELY AS COUNSEL FOR DEFENDANT JOHN D. WALKER**<br><br>**[CVLR 7(1) and General Order 23-0011]** |

John D. Walker hereby moves the Court for a modification of its Order Authorizing Kirstin M. Ault to Attend Sentencing Hearing Remotely as Counsel for Defendant John D. Walker. ECF 2295. The Court's Order permits Ms. Ault to appear remotely "simply to observe" and requires her to appear in person in order to "participate in the proceedings." Mr. Walker requests the Order be modified to permit Ms. Ault to appear remotely and participate in the proceedings for purposes of oral argument only and not to participate in the examination or cross-examination of witnesses or presentation of documentary or other evidence.

On April 10, 2024, the Government filed a motion for its primary counsel Marie L. Miller to appear remotely at the April 15, 2024 hearing on the Motions for Judgement of Acquittal and New Trial filed by Mr. Walker and Hansen Helicopters. ECF 2180. On April 11, 2024, the Court granted that motion in full and permitted Ms. Miller to appear remotely to argue the government's opposition to the motions. ECF 2182. Stephen Leon Guerrero appeared at the hearing to represent the government in person, but Ms. Miller, who appeared by videoconference, acted as the government's principal attorney and presented the majority of the government's arguments to the Court.

By this Motion for Modification, Mr. Walker requests that the same accommodation provided to the government at the hearings on the post-trial motions be extended to his attorneys at the sentencing hearing. Mr. Walker's principal attorney Steven Welk will appear at the hearing in person and will assume primary responsibility for presenting Mr. Walker's arguments as well as sole responsibility for examining and cross-examining witnesses and introducing documentary and other evidence. Mr. Walker requests that Ms. Ault be permitted to appear remotely and participate in the sentencing hearing solely for purposes of oral argument and not to examine witnesses or present evidence. Mr. Walker is thus only requesting the same accommodation the

Court previously provided counsel for the government.

Under the Sixth Amendment, Mr. Walker has a right to both the effective assistance of counsel and the right to be represented by counsel of his choosing. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (Sixth Amendment encompasses "the right of a defendant who does not require appointed counsel to choose who will represent him"). While the right to counsel of choice "is circumscribed in several important respects," it cannot be denied absent a compelling conflicting interest. *Wheat v. United States*, 486 U.S. 153, 162 (1988) (holding right to conflict-free counsel may overcome right to counsel of choice in certain circumstances).

There is no such compelling interest here, as the Court has already permitted government co-counsel in this case to participate remotely for purposes of oral argument, and Mr. Walker is only requesting that this same accommodation be extended to him. Indeed, Mr. Walker's request will impose even less of a burden on the Court because his primary counsel will be present at the hearing in person. He is only requesting that co-counsel be permitted to attend remotely for purpose of assisting primary counsel with oral argument during what is anticipated to be a complex and contentious sentencing hearing.

That Mr. Walker may be adequately represented by Mr. Welk does not remedy the potential constitutional violation. The Supreme Court has held that the Sixth Amendment "commands, not that a trial be fair, but that a particular guarantee of fairness be provided – to wit, that the accused be defended by the counsel he believes to be best." *Gozalez-Lopez*, 548 U.S. at 146. As a result, an improper denial of the right to counsel of choice is structural error mandating reversal. Therefore, "it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation," nor is it subject to harmless error review. *Id*. at 148, 150-51. "A choice-of-counsel violation occurs *whenever* the defendant's choice is wrongfully denied." *Id*. at 150.

Mr. Walker respectfully requests that the Court modify its Order to permit his attorney Ms. Ault to appear remotely solely for the purpose of participating in oral argument at sentencing. A proposed order is lodged contemporaneously herewith.

Dated: June 3, 2025

Respectfully submitted,

**COMPLEX APPELLATE LITIGATION GROUP LLP**
/s/ Kirstin M. Ault
Kirstin M. Ault
Admitted *Pro Hac Vice*

**DENTONS US LLP**
*/s/ Steven R. Welk*
Steven R. Welk
Admitted *Pro Hac Vice*

**LAW OFFICE OF VANESSA L. WILLIAMS, P.C.**
*/s/ Vanessa L. Williams*
Vanessa L. Williams

*Attorneys for Defendant John D. Walker*