**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JOHN D. WALKER, *et al.*,<br>Defendants. | CRIMINAL CASE NO. 18-00010<br><br>**ORDER** |

Before the court is Defendant John D. Walker's Motion for Modification of Order Authorizing Kirstin M. Ault to Attend Sentencing Hearing Remotely as Counsel for Defendant John D. Walker. *See* ECF No. 22297. Therein, counsel requests that she be granted permission to appear remotely at the sentencing hearing for purposes of oral argument only. Counsel does not intend to conduct the cross-examination of witnesses or presentation of documentary or other evidence. Defendant argues that the court allowed Government counsel to participate via zoom during the post-trial motions hearing and requests that the same courtesy be extended to Defendant's counsel.

Post-trial motion hearings are different from sentencing hearings. Federal Rule of Criminal Procedure 43 specifically require the presence of the defendant for sentencing, whereas

it does not require the presence of the defendant at conferences or hearings on legal questions. The only exception to this rule was made by Congress during the COVID-19 pandemic. Similarly, because Rule 43 requires the presence of the defendant, the court expects counsel to be present as well at sentencing. Counsel has not provided any reason for being unable to attend in person other than the fact that she resides in California and maintains her office there. *See* ECF No. 2289.

The court's local rules allow an attorney not barred in the District of Guam to appear before this court. That same rule requires a designation of local counsel, who is expected to "meaningfully participate in the preparation and trial of the case with the authority and responsibility to act as attorney of record for all purposes." GNLR 17.1(e). The purpose of this local designation is to ensure that the Defendant is adequately represented at all times, regardless of the other counsel's location.

Further, the court set the June 6, 2025 sentencing since April 11, 2025. Counsel had close to two months to make travel arrangements, yet it did not do so. Instead, counsel last-minutely filed a motion to appear remotely, less than a week of the sentencing hearing. The court is denying the motion, and counsel has three days to make travel arrangements to attend the hearing on June 6, 2025, should counsel wish to participate at sentencing. Counsel is still welcome to observe remotely, should she wish to do so.

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jun 03, 2025**